IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAUDINE KNIGHT, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No.  3:06-CV-0075-N (BH) |
| | ) | ECF |
| DART, | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On January 11, 2006, plaintiff, a resident of Dallas, Texas, filed a one-page Complaint alleging that defendant changed dates regarding her time of service and terminated her after she suffered an on-the-job injury. (Compl. at 1.) On February 25, 2006, the Court granted plaintiff permission to proceed with this action *in forma pauperis*; and in an effort to flesh out her complaint, sent her a Magistrate Judge's Questionnaire (MJQ)[1] on March 22, 2006, and May 12, 2006. Documents attached to her answers to the initial MJQ show that she suffered the injury in 1992 or 1993, and was terminated in 1994. (*See* Answers to MJQ.) In her answers, furthermore, she indicates that she brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2, 2000e-3, and 2000e-6, and 41 U.S.C. §§ 108 and 109. (*See* Answer to

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Question 2 of MJQ.) In her later answers, she concedes that she has filed no claim with the Equal Employment Opportunity Commission (EEOC). (*See* Answer to Question 3 of Second MJQ.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

In this case, plaintiff seeks relief under Title VII and 41 U.S.C. §§ 108 and 109. The latter statutes are found within Chapter 2 of Title 41 under the heading, "Termination of War Contracts", and have no apparent connection to plaintiff's factual allegations. Even assuming that a private cause of action exists under those statutes, plaintiff's allegations do not state a claim upon which relief can be granted under them.

2

With respect to plaintiff's claims under Title VII, plaintiff has failed to exhaust her administrative remedies. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *accord Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (per curiam). Because plaintiff has filed no charge with the EEOC and has received no right-to-sue letter, her Title VII claims are unexhausted and should be summarily dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's Title VII claims without prejudice for plaintiff's failure to exhaust her administrative remedies. It is further recommended that the District Court summarily **DISMISS** plaintiff's other claims with prejudice for the failure of plaintiff to state a claim upon which relief can be granted.

**SIGNED this 22nd day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE